**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE D. SCORDOS,<br><br>Defendant. | ) | Civil Action No. 24-cv-03515-LKG<br><br>Dated: August 24, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the United States of America seeks to reduce the certain Federal income tax assessments to judgment and to collect the Federal income tax liabilities of the Defendant, Michelle D. Scordos. *See* ECF Nos. 1 and 16. On September 17, 2025, the Government filed a motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(1). ECF No. 16. Ms. Scordos has not responded to the motion. *See* Dkt. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Government's motion for default judgment (ECF No. 16) and (2) **ENTERS** a **DEFAULT JUDGMENT** in favor of the United States against Defendant Michelle D. Scordos for income tax liabilities for tax years 2008, 2010, 2011, 2012, 2016, 2017 and 2019, in the amount of **$491, 082. 83**, plus statutory interest accruing after September 29, 2025, pursuant to 26 U.S.C. § 6621.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the United States of America seeks to reduce certain federal income tax assessments to judgment and to collect the federal income tax liabilities of the Defendant, Michelle D. Scordos. *See* ECF Nos. 1 and 16. And so, the United States seeks, among other

[1] The facts recited in this memorandum opinion are taken from the Plaintiff's complaint, the Plaintiff's motion for Clerk's entry of default, the Clerk of the Court's entry of default and the Plaintiff's motion to for default judgment and memorandum in support thereof. ECF Nos. 1, 11, 12, 16 and 16-1.

things, to recover $491,082.83 in income tax liabilities from Ms. Scordos for tax years 2008, 2010, 2011, 2012, 2016, 2017 and 2019. ECF No. 16 at 2.

In the complaint, the Government alleges that a delegate of the Secretary of the Treasury has made assessments for unpaid federal income taxes against Ms. Scordos. ECF No. 1 at ¶ 6. The Government also alleges that statutory additions to tax and interest have been assessed, have accrued and will continue to accrue. *Id.* at P. 7. In addition, the Government alleges that notice and demand for payment of the tax described above were given to Ms. Scordos. *Id.* at ¶ 8.

In this regard, the Government alleges that Ms. Scordos has failed to pay to the United States the full amount owed as a result of the assessment. *Id.* at ¶ 9. Given this, the Government contends that Ms. Scordos is indebted to the United States for unpaid federal income tax, interest and penalties in the amount of $464,603.74, as of December 3, 2024, plus interest and costs. *Id.* at ¶ 10. And so, the Government requests that the Court enter judgment in favor of the United States against Ms. Scordos for these outstanding tax liabilities, together with statutory additions and interest accruing after that date. *Id.* at Prayer for Relief.

After Ms. Scordos failed to answer, or otherwise respond to, the complaint, the Government filed a motion for Clerk's entry of default on February 19, 2025. ECF No. 11. Ms. Scordos did not file a response to that motion. And so, on September 5, 2025, the Clerk of Court entered an order of default against Ms. Scordos, for failure to appear, plead, or otherwise defend the Complaint. ECF No. 13.

On September 17, 2025, the Government moved for entry of a default judgment against Ms. Scordos, pursuant To Fed. R. Civ. P. 55(b)(1). ECF No. 16. Ms. Scordos has not responded to the Government's motion.

In support of this motion, the Government has submitted the sworn Declaration of Internal Revenue Service ("IRS") Revenue Officer Tyanna Lacey, which states that Revenue Officer Lacey has custody of the Account Transcripts for Ms. Scordos, which show an outstanding balance of $491,082.83, as of September 29, 2025, plus any accrued interest after this date. ECF No. 16-2 at ¶¶ 4 and 6. Revenue Officer Lacey also attaches a chart to her Declaration which shows the amount of unpaid taxes that Ms. Scordos owes to the IRS as of September 29, 2025, including statutory interest, for tax years 2008, 2010, 2011, 2012, 2016, 2017, and 2019, as shown below:

| Tax Period Ending | Date of Assessment | Amount of Assessment | Outstanding Balance (as of Sept. 29, 2025) |
|---|---|---|---|
| 12/31/2008 | 2/16/2015 | $141,408.00 | $284,573.80 |
| 12/31/2010 | 12/8/2014 | $12,216.00 | $23,783.96 |
| 12/31/2011 | 4/13/2015<br>12/31/2018 | $2,138.00<br>$11,007.00 | $38,315.80 |
| 12/31/2012 | 2/7/2015<br>12/31/2018 | $9,996.00<br>$7,706.00 | $44,582.93 |
| 12/31/20016 | 10/16/2023 | $20,632,00 | $45,660.37 |
| 12/31/20017 | 10/23/2023 | $20,606.00 | $44,585.90 |
| 12/31/20019 | 11/13/2023 | $4,980.00 | $9,580.07 |
| | | **Total Outstanding Balance** | **$491,082.83** |

*Id.* at ¶ 5. And so, the Government contends that, on account of her refusal to pay these assessments, Ms. Scordos will be indebted to the United States in the amount of certain of $491,082.83, plus statutory interest accruing after September 29, 2025. ECF No. 16-2 at ¶ 6

### B. Procedural Background

The Government commenced this civil action on December 5, 2024. ECF No. 1.

On February 19, 2025, the Government filed a motion for clerk's entry of default, pursuant to Fed. R. Civ. P. 55(a). ECF No. 11.

On September 5, 2025, the Clerk of the Court entered an order of default, pursuant to Fed. R. Civ. P. 55 and filed a notice of default. ECF Nos. 12 and 13.

On September 17, 2025, the Government filed a motion for default judgment against the Defendant, pursuant to Fed. R. Civ. P. 55, and a memorandum in support thereof. ECF No. 16 and 16-1.

The Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Default Judgment

Fed. R. Civ. P. 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is

appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant default judgment, the Court takes as true the well-pleaded factual allegations of the complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, No. 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

Although the well-pleaded allegations of a complaint are deemed admitted upon default, allegations concerning the amount of damages are not. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780-81. Relatedly, the damages that the Court may award on default are limited to the amount demanded in the plaintiff's pleadings. Fed. R. Civ. P. 54(c). Where, as here, the moving party supports its damages request with a sworn declaration and supporting documentation, the Court may award damages without conducting an evidentiary hearing. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. NKM-09-0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009); *see also Trs. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, No. 11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011).

**B. Reducing Federal Tax Assessments To Judgment**

The Internal Revenue Code authorizes the United States to bring a civil action to reduce unpaid federal tax assessments to judgment. *See* 26 U.S.C. § 7401. An assessment by the IRS "amounts to a . . . determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes[, and] . . . is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002); *see also United States v. Wright*, No. TDC-24-0026, 2024 WL 5181775, at *3 (D. Md. Dec. 20, 2024). In addition to the assessed tax, the United States is entitled to recover statutory interest and penalties that accrue on the outstanding balance. *See* 26 U.S.C. §§ 6601, 6621(a)(2); 28 U.S.C. § 1961(c); *see also United States v. Belzner*, No. WDQ-13-2414, 2014 WL 1344187, at *2 (D. Md. Apr. 3, 2014)

("the amount of interest accrued on such tax liability is a matter of law") (citing *United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007)). This statutory interest continues to accrue pursuant to 26 U.S.C. § 6621 "regardless of whether . . . the judgment order expressly calls for" it. *United States v. Goldstein*, No. 08-1406, 2013 WL 2295672, at *2 (D. Md. May 23, 2013) (quoting *White v. Bloomberg*, 360 F. Supp. 58, 63 (D. Md. 1973)).

## IV. ANALYSIS

The United States has moved for default judgment against Ms. Scordos, pursuant to Fed. R. Civ. P. 55, upon the grounds that Ms. Scordos has failed to plead, or otherwise defend, in this civil action and that Ms. Scordos is indebted to the United States for federal income tax liabilities in the amount of $491,082.83, for tax years 2008, 2010, 2011, 2012, 2016, 2017 and 2019, plus statutory interest accruing after September 29, 2025, pursuant to 26 U.S.C. § 6621. *Id.* at 1. And so, the Government request that the Court enter a default judgment in its favor against Ms. Scordos in the amount of $491,082.83, plus any accrued statutory interest after September 29, 2025. ECF No. 16 at 2; 16-1 at 3.

For the reasons that follow, the Government has shown that Ms. Scordos is indebted to the United States for unpaid taxes and interest in the amount sought in this civil action. ECF No. 1. The litigation history for this case also makes clear that Ms. Scordos has failed to defend this action. And so, the Court: (1) GRANTS the Government's motion for default judgment (ECF No. 16) and (2) ENTERS a DEFAULT JUDGMENT in favor of the United States against Defendant Michelle D. Scordos for income tax liabilities for tax years 2008, 2010, 2011, 2012, 2016, 2017 and 2019, in the amount of **$491, 082. 83**, plus statutory interest accruing after September 29, 2025, pursuant to 26 U.S.C. § 6621.

As an initial matter, the Government has shown that Ms. Scordos is indebted to the United States for unpaid taxes and interest in the amount requested in this case. In the complaint, the Government alleges that a delegate of the Secretary of the Treasury has made assessments for unpaid federal income taxes against Ms. Scordos on the dates and for the amounts shown in the complaint. ECF No. 1 at ¶ 6. The Government also alleges that statutory additions to tax and interest have been assessed, have accrued and will continue to accrue on these unpaid taxes. *Id.* at ¶ 7.

In addition, the Government alleges that notice and demand for payment of the tax described above were given to Ms. Scordos. *Id.* at ¶ 8. And so, the Government alleges that Ms. Scordos has failed to pay to the United States the full amount owed as a result of the assessment. *Id.* at ¶ 9.

In support of its motion for default judgment, the Government has also submitted the relevant Account Transcripts for Ms. Scordos and the sworn Declaration of IRS Revenue Officer Tyanna Lacey, which states that these Account Transcripts show that Ms. Scordos has an outstanding balance of $491,082.83, as of September 29, 2025, plus any accrued interest after this date. ECF No. 16-2 at ¶¶ 4 and 6. Revenue Officer Lacey also attaches a chart to her Declaration which shows the amount of unpaid taxes that Ms. Scordos owes to the IRS as of September 29, 2025, including statutory interest, for tax years 2008, 2010, 2011, 2012, 2016, 2017, and 2019, as shown below: *Id.* at ¶ 5.

| **Tax Period Ending** | **Date of Assessment** | **Amount of Assessment** | **Outstanding Balance (as of Sept. 29, 2025)** |
|---|---|---|---|
| 12/31/2008 | 2/16/2015 | $141,408.00 | $284,573.80 |
| 12/31/2010 | 12/8/2014 | $12,216.00 | $23,783.96 |
| 12/31/2011 | 4/13/2015<br>12/31/2018 | $2,138.00<br>$11,007.00 | $38,315.80 |
| 12/31/2012 | 2/7/2015<br>12/31/2018 | $9,996.00<br>$7,706.00 | $44,582.93 |
| 12/31/20016 | 10/16/2023 | $20,632,00 | $45,660.37 |
| 12/31/20017 | 10/23/2023 | $20,606.00 | $44,585.90 |
| 12/31/20019 | 11/13/2023 | $4,980.00 | $9,580.07 |
| | | **Total Outstanding Balance** | **$491,082.83** |

*Id.* at ¶ 5. The IRS's assessments are entitled to a presumption of correctness. *See Fior D'Italia*, 536 U.S. at 242. And so, the Court is satisfied that the Government has shown that Ms. Scordos is indebted to the United States for federal income tax liabilities in the amount of $491,082.83, for tax years 2008, 2010, 2011, 2012, 2016, 2017 and 2019, plus statutory interest accruing after September 29, 2025, pursuant to 26 U.S.C. § 6621.

The Court is also satisfied that the Government is entitled to a default judgment against Ms. Scordos for the requested amount of unpaid taxes and interest. The Government filed the complaint in this case on December 5, 2024, and the Docket shows that Ms. Scordos has been properly served with the complaint and summons. ECF Nos. 1 and 8. The Docket also shows that, to date, Ms. Scordos has neither answered the complaint, nor otherwise defended this action. ECF No. 1. Given this, the Government moved for the Clerk's entry of default, pursuant to Fed. R. Civ. P. 55(a), on February 19, 2025, and the Clerk of the Court entered default against Ms. Scordos on September 5, 2025. ECF Nos. 11–13.

Thereafter, the Government moved for a default judgment, pursuant to Fed. R. Civ. P. 55, and Ms. Scordos has also failed to respond to this motion. ECF No. 16. And so, more than 18 months have elapsed since the filing of the complaint, without any response from Ms. Scordos.

Under such circumstances, the Court is satisfied that the "adversary process has been halted" in this case, because of "an essentially unresponsive party." *Lawbaugh*, 359 F. Supp. 2d at 421. And so, the Court will GRANT the Government's motion for a default judgment.

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Government's motion for default judgment (ECF No. 16); and

(2) **ENTERS** a **DEFAULT JUDGMENT** in favor of the United States against Defendant Michelle D. Scordos for income tax liabilities for tax years 2008, 2010, 2011, 2012, 2016, 2017 and 2019, in the amount of **$491, 082.83**, plus statutory interest accruing after September 29, 2025, pursuant to 26 U.S.C. § 6621.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge